IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COTY MAYFIELD and NICOLE STRICKER,

                Plaintiffs,

  v.

WISCONSIN RAPIDS POLICE DEPARTMENT,
OFFICER VAN BERKEL, OFFICER BRAD BURRIS,
SGT. LEE LAMPERT, WISCONSIN RAPIDS
SHERIFF'S DEPARTMENT, THOMAS RICERT,
WISCONSIN RAPIDS JAIL, MELISSA SIMKOUSKI,
THEODORE ASHBACK, SUSANA KNAPP, and
KAREN BUTLER,

                Defendants.

OPINION and ORDER

19-cv-256-jdp

---

This case about alleged police misconduct is before the court for screening under 28 U.S.C. § 1915(e)(2). Because the complaint suffers from several procedural defects, I cannot allow any claims to go forward. But I will give plaintiffs Coty Mayfield and Nicole Stricker an opportunity to file an amended complaint.

The first set of problems relates to Stricker. Only Mayfield signed the complaint, but he does not purport to be a lawyer, so he cannot represent another party. *See Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008). Unless Stricker signs the complaint, I cannot consider claims brought on her behalf. But even if Stricker had signed the complaint, I could not allow her to proceed on any claims because she is never mentioned in the body of the complaint. The complaint is written in the first person singular, so it is presumably told from Mayfield's perspective. Mayfield didn't explain how any of the defendants violated Stricker's rights.

The second problem is that some of the defendants are not proper parties. "Wisconsin Rapids Sheriff's Department" does not exist. There is a Wisconsin Rapids Police Department (which Mayfield has also named as a defendant) and a Wood County Sheriff's Department, which includes Wisconsin Rapids in its jurisdiction. There is also no Wisconsin Rapids jail, though there is a Wood County jail. In any event, jails and police departments cannot be sued. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009). A plaintiff can sue a city or a county for alleged constitutional violations, but only if he identifies a city policy or county policy that caused the violation. *Regains v. City of Chicago*, 918 F.3d 529, 535 (7th Cir. 2019).

The third problem is that Mayfield hasn't provided fair notice to the defendants of what each one of them did to violate his rights, as he is required to do under Federal Rule of Civil Procedure 8. Although Mayfield has sued eight individual defendants, he does not discuss any of them in his complaint. Instead, he alleges that the police department, the sheriff's department, and the jail took various actions, such as entering his home without justification, using excessive force against him, and failing to give him needed medical care. But a plaintiff may not rely on "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct." *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). In other words, a plaintiff must explain how each defendant was personally involved in violating his rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).

So I will dismiss Mayfield's complaint without prejudice, which means that he may file an amended complaint that corrects the problems identified in this order. Specifically, if Mayfield wants to sue an individual, he must identify the conduct by that individual that

2

violated his rights. If he wants to sue Wisconsin Rapids or Wood County, he must identify a policy of those entities that caused the violation of his rights. And if he wants to include Stricker as a plaintiff, she must sign the complaint and explain how the defendants violated her rights.

ORDER

IT IS ORDERED that the complaint is DISMISSED without prejudice. Plaintiffs Coty Mayfield and Nicole Stricker may have until August 5, 2019, to file an amended complaint that corrects the problems identified in this order. If plaintiffs fail to respond by August 5, I will direct the clerk of court to enter judgment in favor of defendants and close the case.

Entered July 16, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge