IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COTY MAYFIELD,

                Plaintiff,

v.

DOUG VAN BERKEL, BRADLEY BURRIS, LEE
LAMPERT, MELISSA SAEGER, and SUSAN
PEARSON

                Defendants.

OPINION and ORDER

19-cv-256-jdp

---

    Pro se plaintiff Coty Mayfield alleges that his constitutional rights were violated during an arrest. Specifically, he contends Wisconsin Rapids police officers violated the Fourth Amendment by entering his home without a warrant and by using excessive force against him. He also contends that Wood County jail employees violated his rights by refusing to give him medical care for the injuries sustained during his arrest.

    Defendants move for summary judgment on all claims. Dkt. 52 and Dkt. 58. They contend that: (1) Mayfield is precluded from challenging the validity of the entry into his home because a state court already rejected his argument in the context of denying a motion to suppress; (2) defendants didn't use excessive force against Mayfield; and (3) Mayfield didn't his exhaust his administrative remedies for his medical care claim, and, in any event, defendants weren't involved in providing medical care to Mayfield.

    Mayfield didn't file a response to defendants' summary judgment motions by his deadline, so defendants asked the court to accept all of their proposed findings of fact as true and enter judgment in their favor. Dkt. 63 and Dkt. 64. Mayfield still didn't respond, so I entered an order to show cause why I shouldn't dismiss Mayfield's claims for his failure to

prosecute. Dkt. 65. At that point, Mayfield asked for an extension until April 2021, seven months after his original deadline. Dkt. 66. I denied that request and directed Mayfield to file a substantive response by December 30. Dkt. 67.

On December 31, Mayfield filed what he called a brief in opposition, Dkt. 68, but it didn't respond directly to defendants' legal arguments. Instead, it consisted mostly of unsworn allegations without citations to the record. Mayfield also didn't file his own proposed findings of fact or respond to defendants' proposed findings of fact. I gave Mayfield one more opportunity to file summary judgment submissions that complied with this court's procedures. And I warned him that if he failed to do so, I would apply the court's procedures and accept defendants' proposed facts as true. *See* Dkt. 42, "Motions for Summary Judgment," § II.C ("The court will conclude that a proposed fact is undisputed unless the responding party explicitly disputes it and either identifies contradictory evidence in the record, or demonstrates that the proponent of the fact does not have admissible evidence to support it."); *id.*, II.E ("The court will not search the record for evidence."). Mayfield has again missed his deadline for filing his response.

"[E]ven those who are pro se must follow court rules and directives." *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012). The Court of Appeals for the Seventh Circuit has repeatedly authorized district courts to require parties to adhere to their summary judgment rules. *See, e.g., Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014); *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630–31 (7th Cir. 2010). Mayfield has now had more than five months to file a response that follows the court's procedures, but he has failed to do so. Accordingly, I accept defendants' proposed findings of fact as true, *see Doe v. Cunningham*, 30 F.3d 879, 882 (7th Cir. 1994), but I must still view those facts in the light most favorable to

Mayfied, *see Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011). I conclude that: (1) Mayfield has forfeited any objection to defendants' preclusion argument by failing to respond to it; (2) the facts show that defendants didn't use excessive force on Mayfield; and (3) defendants didn't violate Mayfield's right to medical care because they had no notice that he needed additional care. I will grant defendants' summary judgment motion on all of Mayfield's claims.

## UNDISPUTED FACTS

The following is a summary of the material facts, as proposed by defendants and supported by their evidence.

Defendants Sergeant Lee Lampert and Officer Doug Van Berkel responded to a report of a domestic incident on the lawn outside a home in Wisconsin Rapids, Wisconsin. They found a fight in progress between six adults, including Mayfield. The officers immediately ordered everyone to lie on the ground, but Mayfield ran towards the house instead. Lampert grabbed Mayfield's arm as he reached the threshold and told him that he was under arrest. Mayfield broke free from Lampert's grip while Lampert was distracted with another arrestee and shut and locked the door. The officers used a ram to force entry into the house, and they found Mayfield hiding in the basement. He was then escorted by Officer Burris, another officer who had arrived on the scene, out of the residence and towards the squad car.

When Burris told Mayfield he would be charged with resisting arrest, Mayfield became increasingly combative. To gain control of Mayfield, Burris "directed him to the ground" on a patch of grass, but Mayfield turned on his back and kicked Burris in the groin, and he also attempted to kick the other officers. Burris warned Mayfield that he would use a taser on him,

and when Mayfield continued to resist, Burris tased him once and then a second time when he still did not stop struggling. Mayfield stated that he was done, and the officers used no more force on him once he submitted to arrest.

Mayfield was placed into the squad car and taken to the Wood County jail, where he was booked and given a preliminary medical screening. Mayfield told staff that his injuries were limited to bruises, abrasions, burns from the taser, and a bloody nose. He did not request any medical attention for these injuries, either when he was booked or later. Lts. Melissa Saeger and Susan Pearson had no contact with Mayfield during his four days at the jail, and they were unaware of any injuries that he may have sustained.

Mayfield was charged with battery to a law enforcement officer, resisting or obstructing an officer, and disorderly conduct. He moved to suppress evidence based on a Fourth Amendment claim that the officers entered the home and seized him illegally. The circuit court judge denied the motion, finding that the officers' conduct was justified under the doctrine of "hot pursuit." Dkt. 61-2. at 122–23. Mayfield later pleaded guilty to battery to a law enforcement officer.

## ANALYSIS

### A. Unlawful entry claim

Mayfield alleged in the complaint that the officers forced their way into his residence, in violation of his Fourth Amendment rights. Dkt. 22, at 4. Defendants don't challenge this claim on the merits. Instead, they contend that the claim is precluded because Mayfield filed a motion to suppress on this ground in state court, and the state court denied Mayfield's motion on the ground that a warrant wasn't required because the officers were engaged in a "hot

4

pursuit" of a suspect. *See State v. Ferguson,* 2009 WI 50, ¶ 25, 317 Wis. 2d 586, 605, 767 N.W.2d 187, 196.[1] Defendants rely on *Allen v. McCurry*, 449 U.S. 90 (1980), which held that claim and issue preclusion can apply to a state court's Fourth Amendment rulings in the context of a criminal proceeding. Mayfield didn't respond to defendants' argument in his brief, so he has forfeited any objection to it. *See Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016) ("[B]y failing to respond in any way to any of the arguments advanced by Defendants . . . , Plaintiffs have waived their claims."). I will grant summary judgment to defendants on his Fourth Amendment claim.

B. **Excessive force**

Mayfield's next claim is that Burris used excessive force when arresting him, in violation of the Fourth Amendment. The question is whether Burris acted in an objectively reasonable manner in light of the circumstances with which he was confronted. *Padula v. Leimbach,* 656 F.3d 595, 602 (7th Cir. 2011) (citing *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)). To determine the reasonableness of an officer's use of force, courts will look at the totality of the facts such as the severity of the crime, whether the arrestee threatened officers' safety, and whether the subject actively resisted arrest or attempted to flee to evade arrest. *Graham v. Connor,* 490 U.S. 386, 396 (1989); *Abbott v. Sangamon Cty., Ill.,* 705 F.3d 706, 724 (7th Cir. 2013).

---

[1] Mayfield ultimately pleaded guilty to the charge, raising the question whether his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), which holds that a prisoner may not bring a claim under § 1983 if success on that claim would necessarily imply that the prisoner's conviction or sentence is invalid. But *Heck* is a defense that can be waived, *see Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011), and defendants don't raise the issue, so I need not consider it.

Mayfield identified two instances of excessive force in his complaint: (1) rough handling of him while attempting to detain him; and (2) using a taser on him twice.

### 1. Restraining Mayfield and directing him to the ground

Officers may use "significant force to subdue someone who is actively resisting lawful detention." *Turner v. City of Champaign,* No. 19-3446, 2020 WL 6437305, at *4 (7th Cir. Nov. 3, 2020). In Mayfield's case, once the officers found him hiding in the basement, they restrained him and directed him out of the house. Dkt. 60, at 3. On the way to the squad car, Mayfield yelled and swore at Burris and insisted that he didn't do anything. *Id.* When Burris told Mayfield he would be charged with resisting arrest, Mayfield became even more combative, and Burris "directed him to the ground," or in other words, threw him on the ground, in an attempt to gain better control. Dkt. 60, at 4.

Mayfield's case is similar to *Fitzgerald v. Santoro*, where the subject was resisting arrest and officers used an arm-bar and wrist-lock technique that broke the detainee's arm to gain control. 707 F.3d 725, 734 (7th Cir. 2013). The court found the use of force to be objectively reasonable because she was actively struggling against the officers. *Id.* Similarly, in *Padula v. Leimbach*, excessive force was not found when officers used their batons to gain control of a subject they believed to be resisting. 656 F.3d at 603–04.

Mayfield was likewise physically opposing arrest, so Burris's use of moderate force here is justified and objectively reasonably given the circumstances.

### 2. Using a taser on Mayfield twice

Officers are given significant discretion on tasing resistive or aggressive subjects. *Forrest v. Prine*, 620 F.3d 739, 745 (7th Cir. 2010). After Mayfield was thrown to the ground by Burris, he turned on his back and kicked Burris in the groin. Dkt. 60, at 4. Mayfield continued to kick

6

at the other officers while they stood him up. *Id.* Burris told Mayfield that he would be tased if he did not stop struggling, and when he failed to comply with the directions, Burris tased Mayfield once. *Id.* At this point, Mayfield stopped resisting for a short time, but then resumed his combative behavior and was tased a second time. *Id.*, at 5. Mayfield then stated that he was done, and the officers did not use any more force on him. *Id.*

These facts are comparable to those in *Smith v. Adams*, where officers tased the plaintiff once when he wouldn't comply with orders to exit the vehicle. 804 F. App'x 390, 392–94 (7th Cir. 2020). Once the officers dragged him out of car, the plaintiff continued to curse and struggle, and the officers apparently tased him again. *Id.* The court of appeals concluded that the use of force was reasonable because the plaintiff disobeyed commands, refused to keep his hands in view, and violently resisted arrest. *Id.* Similarly, in *United States v. Norris*, an arrestee attempted to retreat into his home after being instructed by the police to stop and ignored the commands of the police to show his hands. 640 F.3d 295, 303 (7th Cir. 2011). After moving as though he were reaching for a weapon, the arrestee was tased by officers. *Id.* The court of appeals found the officers' tasing reasonable because they had cause to be concerned for their own safety and the arrestee did not submit. *Id.*

Mayfield attempted to harm the officers by kicking them, gave them reason to fear for their safety, and did not submit to arrest, so the use of the taser by Burris was objectively reasonable and no reasonable jury could find otherwise. I will grant summary judgment to defendants on this claim. This makes it unnecessary to consider defendants' alternative argument that they are entitled to qualified immunity. *See Abbott*, 705 F.3d at 725.

7

**C. Inadequate medical care**

Mayfield alleged in his complaint that he requested medical care from Lts. Melissa Saeger and Susanna Pearson for the injuries sustained during his arrest but was denied treatment. Dkt. 22, at 4–5. Defendants say that they had no contact with Mayfield during his four-day stay at Wood County Jail and Mayfield only requested treatment for his left foot, which was given to him. Dkt. 54, at 3–5. They also contend that Mayfield failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). I conclude that the medical claim fails on the merits, so I need not consider the exhaustion question. *See Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 793–94 (7th Cir. 2013) (district court may dismiss claim on the merits without considering exhaustion).

The applicable standard for Mayfield's medical care claim depends on his relationship with the state. *Collins v. Al-Sahmi*, 851 F.3d 727, 731 (7th Cir. 2017) (citing *Currie v. Chhabra*, 728 F.3d 626, 630 (7th Cir. 2013)). The Fourth Amendment applies to an arrestee who hasn't received a judicial probable cause determination; the Due Process Clause of the Fourteenth Amendment applies to pretrial detainees after a probable cause determination; and the Eighth Amendment applies to convicted prisoners. *Id.* In this case, Mayfield doesn't fall squarely into any of these categories. He was being held on a probation violation. Defendants contend that he should be treated as a convicted prisoner, but I need not resolve the issue because it makes no difference to the outcome of the case.

Under the Fourth Amendment, which is the most favorable to Mayfield of the three standards, the question is whether the defendant's conduct was objectively unreasonable. *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011). The undisputed facts show that the defendants neither received treatment requests from Mayfield for the injuries sustained during

his arrest nor had any contact with him during his four-day stay at Wood County Jail. Dkt. 4, at 3–5. If defendants had no reason to believe that Mayfield needed medical care, then there is no basis for finding that they acted unreasonably. *See Ortiz,* 656 F.3d at 530 (one factor in determining reasonableness is whether the defendant was aware of the medical need). So Mayfield fails on this claim as well.

## ORDER

IT IS ORDERED that:

1. Defendants Bradley Burris, Lee Lampert, and Doug Van Berkel's motion for summary judgment, Dkt. 58, is GRANTED.

2. Defendants Melissa Saeger and Susanna Pearson's motion for summary judgment, Dkt. 52, is GRANTED.

3. Defendants' motion to postpone the trial, Dkt. 70, is DENIED as moot.

4. The clerk of court is directed to enter judgment and close this case.

Entered January 19, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge